## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

DARLA TENORIO,

      Plaintiff,

v.

XPO LOGISTICS FREIGHT, a Delaware corporation.

      Defendant.

---

## NOTICE OF REMOVAL

---

Defendant XPO Logistics Freight, Inc., by and through its undersigned counsel, Paul T. Yarbrough and Brian D. Kennedy of the law firm of Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from Arapahoe County District Court, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

### I.      INTRODUCTION

1.      Plaintiff Darla Tenorio ("Plaintiff") initiated this lawsuit on August 3, 2022 against XPO Logistics Freight, Inc. ("Defendant"), in Arapahoe County District Court, State of Colorado, captioned *Darla Tenorio v. XPO Logistics Freight, Inc.*, Civil Action No. 2022CV31457, and it is now pending in that Court (the "State Action"). *See* **Exhibit A,** Plaintiff's Civil Cover Sheet; and **Exhibit B**, Plaintiff's Complaint.

2.      Plaintiff alleges that on November 23, 2020, she was the driver of a vehicle that collided with a tractor-trailer operated by an employee of Defendant, who was acting within the

course and scope of his employment. **Exhibit B**, ¶¶ 6-10, 26-29. Plaintiff alleges that Defendant was negligent and negligent *per se* in its employee's operation of the tractor-trailer and that the employee's actions caused the collision. **Exhibit B**, ¶¶ 36, 38, 43. On that basis, she seeks to impute the employee's alleged negligence to Defendant. **Exhibit B**, ¶¶ 58, 64. As the result of the accident, Plaintiff alleges that she sustained physical injuries, past and future medical expenses, permanent physical impairment and disfigurement, wage loss and noneconomic damages. **Exhibit B**, ¶¶ 45, 49-51, 59, 65.

## II.   COMPLIANCE WITH THE RULES

3.   All procedural requirements related to the removal of this action have been satisfied.

4.   Defendant Buechler was served on February 10, 2022. *See* **Exhibit C**, Return of Service on Defendant Buechler.

6.   This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Complaint and Summons on Defendant Buechler and is timely under 28 U.S.C. §§ 1441 and 1446(b).

7.   A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

8.   Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendants or filed in the State Action are attached as follows:

**Exhibit A**   Civil Case Cover Sheet

**Exhibit B**   Complaint and Jury Demand

**Exhibit C**     Return of Service on Defendant

**Exhibit D**     Summons

**Exhibit E**     Delay Reduction Order Re: Settlement Plan

**Exhibit F**     Delay Reduction Order

9.      Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

10.      Pursuant to Fed. R. Civ. P. 81(c), Defendant will present its defenses by pleading at the time prescribed herein, and specifically reserves its rights to assert all defenses, including those defenses under Fed. R. Civ. P. 12(b).

11.      Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

### III.     DIVERSITY JURISDICTION

12.      This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332.  Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.

### A.     THE PARTIES ARE CITIZENS OF DIFFERENT STATES

13.      There is complete diversity of citizenship between Plaintiff and Defendants. Plaintiff is a citizen of Colorado.  **Exhibit B**, ¶ 1.  *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th

Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

14.     Defendant is corporation organized under the laws of the State of Delaware, with its principal offices located in Ann Arbor, Michigan. *See* 20 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

15.     For purposes of federal diversity jurisdiction, the parties are completely diverse. 28 U.S.C. § 1441(b).

## B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16.     While not waiving Defendants' right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000, exclusive of interest and costs. In her Complaint, Plaintiff alleges that she has suffered injuries and damages as a result of Defendant's negligence, with resulting medical treatment, medical expenses, future medical costs, permanent physical impairment and noneconomic damages. See generally **Exhibit B**.[1]

17.     Furthermore, in the Civil Cover Sheet for the Complaint filed in Arapahoe County District Court, Plaintiff states that she seeks a monetary judgment over $100,000. **Exhibit A**.

18.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

---

[1] Defendant denies Plaintiff's allegations regarding her alleged damages and injuries and further denies any allegations of wrongdoing.

19.    In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

20.    When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

21.    Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the filing of her Civil Case Cover Sheet. *See* **Exhibit A**. Pursuant to Colo.R.Civ.P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapter 1 to 17, Form 1.2 (JDF 601), at the time of filing." The Civil Case Cover Sheet requires Plaintiff to categorize the relief sought as either being more or less than $100,000

and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.

22.     In the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which Plaintiff confirms that she seeks "a monetary judgment over $100,000 . . . against any other single party.  This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought."  **Exhibit A**.

23.     The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)."  *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016).  The Tenth Circuit Court of Appeals has concluded that the cover sheet "starts the removal clock" and there is "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceedings."  *Id.*

24.     Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

25.     Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant XPO Logistics Freight, Inc. respectfully requests that the action now pending in Arapahoe County District Court, Case No. 2022CV31457, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 26th day of August, 2022.

HALL & EVANS, LLC

_s/ Brian D. Kennedy_
Paul T. Yarbrough
Brian D. Kennedy
1001 17th Street, Suite 300
Denver, CO  80202
Phone:  (303) 628-3300
Fax:  (303) 628-3368
yarbroughp@hallevans.com
kennedyb@hallevans.com
_Counsel for Defendant_
_XPO Logistics Freight, Inc._

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August, 2022, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court and served on the below-listed parties via email and U.S. Mail:

John V. O'Grady
Joseph Sirchio
Franklin D. Azar & Associates, P.C.
14426 East Evans Avenue
Denver, CO 80014
*Counsel for Plaintiff*


*s/ Elizabeth Miller*
Legal Assistant, Hall & Evans, LLC