| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>Court Address:<br>7325 S Potomac Street, Suite 100<br>Centennial, CO 80112 | DATE FILED: August 3, 2022 4:18 PM<br>FILING ID: 7262FBB43533F<br>CASE NUMBER: 2022CV31457 |
| **Plaintiff:**<br>Darla Tenorio<br><br>v.<br><br>**Defendants:**<br>XPO Logistics Freight, Inc. | ▲COURT USE ONLY▲ |
| **Counsel for the Plaintiff:**<br>John V. O'Grady, Reg. No. 49703<br>Joseph Sirchio, Reg. No. 44675<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Denver, CO 80014<br>Telephone: 303-757-3300<br>Facsimile: 303-757-3206<br>Email: ogradyj@fdazar.com<br>Email: sirchioj@fdazar.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Darla Tenorio, through the undersigned counsel, hereby submits the following *Complaint and Jury Demand* against Defendant XPO Logistics Freight Inc., and in support, alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual and resident of the State of Colorado.

2. Defendant XPO Logistics Freight, Inc., ("**XPO**") is foreign corporation organized under the laws of the State of Delaware with a principle place of business at 2211 Old Earhart Road, Ann Arbor, MI 48105.

3. Defendant XPO can be served with process through its registered agent Registered Agent Solutions, Inc., located at 36 South 18th Avenue, Suite D, Brighton, CO 80601.

4. Venue is proper in this Court pursuant to C.R.C.P. 98(c).

5. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

## GENERAL ALLEGATIONS

6. On November 23, 2020, at about 3:00 p.m. mountain time, Plaintiff was traveling westbound in lane 2 on West Dartmouth Avenue in Arapahoe County, Englewood, Colorado.

7. Brendon Strek was traveling westbound on West Dartmouth Avenue in lane 1.

8. Lane 1 of westbound West Dartmouth Avenue is a turn-only lane, requiring motorists to turn left, traveling southbound on South Platte River Drive.

9. Brendon Strek failed to turn left and attempted to merge into Plaintiff's lane in order to continue traveling westbound on West Dartmouth Avenue.

10. During Strek's maneuver, Strek struck and side-swiped Plaintiff.

11. Brendon Strek failed to account for traffic around him.

12. Brendon Strek was operating a 2015 freight truck.

13. Brendon Strek failed to exercise reasonable caution and attention.

14. Brendon Strek failed reasonably to see and account for traffic around him.

15. Plaintiff was operating a 2003 Nissan.

16. Brendon Strek was negligent and caused the crash with Plaintiff.

17. Brendon Strek agrees that he was the cause of the crash.

18. Brendon Strek agrees that he was negligent.

19. Brendon Strek agrees that his actions or omissions injured Plaintiff.

20. Brendon Strek's careless driving caused the crash.

21. Brendon Strek agrees that he is the sole cause of the crash.

22. Brendon Strek agrees that he is responsible for the injuries that his actions or omissions caused.

23. Brendon Strek agrees that he is responsible for the pain that his actions or

omissions caused.

24. Brendon Strek does not blame Plaintiff for causing the crash.

25. Brendon Strek's negligent conduct on November 23, 2020, injured Plaintiff.

26. At the time of crash, Brendon Strek was operating his vehicle in a commercial capacity on behalf of Defendant XPO.

27. At the time of the crash, Brendon Strek was the agent of Defendant XPO.

28. At the time of the crash, Brendon Strek was acting within the scope of his authority on behalf of Defendant XPO.

29. At the time of the crash, Brendon Strek was operating the commercial vehicle with the intent to benefit Defendant XPO.

30. Adverse road conditions did not contribute to the crash.

31. Adverse weather conditions did not contribute to the crash.

32. Plaintiff did not contribute to the crash.

33. Plaintiff was not contributorily negligent.

34. No third party caused the crash.

35. No third party contributed to Plaintiff's injuries.

36. Brendon Strek consciously disregarded the safety of other drivers on the road.

37. Brendon Strek knows that driving safely is a conscious decision.

38. Brendon Strek was driving carelessly.

39. Brendon Strek knows that careless driving exposes other drivers on the road to increased danger.

40. Colorado traffic rules and regulations applied to Brendon Strek at the time of the crash.

41. Brendon Strek knows that she should always drive safely.

42. Brendon Strek knows that unsafe drivers are a risk to the community.

43. Brendon Strek's unreasonable acts on the occasion in question were in violation of his duty of reasonable care to Plaintiff.

44. Brendon Strek's unreasonable acts at the time of the collision were in violation of his duty of reasonable care to other drivers on the road.

45. Brendon Strek's unreasonable conduct at the time of the collision was sufficient to cause and did cause injury to Plaintiff.

46. No third party caused or contributed to the cause of Plaintiff's injuries, damages, and losses.

47. Plaintiff has not failed to mitigate damages.

48. Plaintiff has not been injured in an unrelated matter subsequent to the crash.

49. As a direct and reasonably foreseeable result of the collision, Plaintiff sustained multiple injuries, damages, and losses.

50. As a direct and reasonably foreseeable result of the injuries, Plaintiff has suffered and will suffer economic damages, non-economic damages, and physical impairment.

51. As a direct and reasonably foreseeable result of her injuries, Plaintiff is more vulnerable to subsequent injury.

52. Brendon Strek accepts responsibility for all injuries he caused to Plaintiff.

## COUNT I – NEGLIGENCE

53. Plaintiff incorporates all prior allegations as though fully set forth herein.

54. Brendon Strek owed Plaintiff a duty to exercise reasonable care in the operation of his vehicle.

55. Brendon Strek breached his duty to Plaintiff to exercise reasonable car in the

operation of his vehicle.

56. Brendon Strek was negligent and acted unreasonably in the operation of his vehicle.

57. The crash was caused by Brendon Strek's negligence.

58. Brendon Strek's actions or omissions described above constitute the legal acts or omissions of Defendant XPO.

59. As a direct, proximate, and foreseeable result of the negligence of Brendon Strek and Defendant XPO, Plaintiff suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, loss of earnings and earning capacity, permanent injury, permanent disfigurement and permanent impairment in amounts to be determined at the time of trial.

## COUNT II – NEGLIGENCE *PER SE*

60. Plaintiff incorporates all prior allegations as though fully set forth herein.

61. Brendon Strek's conduct on the occasion described above violated C.R.S. § 42-4-1402(1), Careless Driving.

62. The aforementioned statutes was enacted to protect persons, such as Plaintiff, from harm and injury of the type inflicted upon her.

63. As such, the conduct of Brendon Strek, in violating said statutes and regulations, constitutes negligence *per se*.

64. Brendon Strek's actions or omissions described above constitute the legal acts or omissions of Defendant XPO.

65. As a direct, proximate, and foreseeable result of Brendon Strek's and Defendant XPO's negligence *per se* on the occasion described above, Plaintiff suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment

of life, mental anguish, medical, hospital, and doctor bills, loss of earnings and earning capacity, permanent injury, permanent disfigurement and permanent impairment in amounts to be determined at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant XPO for all general damages, economic damages, non-economic damages, pre-judgment and post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully submitted on this 3rd day of August, 2022.

                Submitted by Darla Tenorio, Plaintiff,
                through the undersigned counsel,

                */s/ John V. O'Grady*
                John V. O'Grady, Reg. No. 49703
                Joseph Sirchio, Reg. No. 44675
                Franklin D. Azar & Associates, P.C.
                14426 East Evans Avenue
                Denver, CO 80014
                Telephone: 303-757-3300
                Facsimile: 303-757-3206
                Email: ogradyj@fdazar.com
                Email: sirchioj@fdazar.com
                *Attorneys for Plaintiff*

**Plaintiff's Address:**
3209 S Decatur Street
Denver, CO 80236